DOCKET NO. 781

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
OCT 12 1988

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE AT&T EQUIPMENT LEASE CONTRACT LITIGATION

TRANSFER ORDER*

    This litigation presently consists of three actions pending in three federal districts: one action each in the Southern District of California, the District of Minnesota and the Eastern District of Pennsylvania. Before the Panel is a motion, by American Telephone & Telegraph Company and AT&T Communications, Inc. (the AT&T parties), to centralize the actions in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §1407, for coordinated or consolidated pretrial proceedings. The other three parties in the litigation -- Lee Data Corporation (Lee Data), First Alliance Corporation (FAC) and Meridian Bank -- oppose Section 1407 transfer. If the Panel nevertheless deems transfer warranted, Lee Data would favor the District of Minnesota as the transferee forum, while FAC and Meridian Bank would favor the Southern District of California.

    On the basis of the papers filed and the hearing held, the Panel finds that these three actions involve common questions of fact and that centralization under Section 1407 in the District of Minnesota will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All three actions involve common factual questions arising from a complex four-sided dispute concerning the lease to the AT&T parties of certain computer equipment. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. Opponents contend that the Panel should deny or defer transfer in light of numerous pending pretrial motions in this docket, including motions to dismiss and/or stay each of the constituent actions. We disagree. Such motions can be presented to and decided by the transferee judge after transfer. See In re Commonwealth Oil/Tesoro Petroleum Securities Litigation, 458 F. Supp. 225, 230 (J.P.M.L. 1978).

    While none of the three suggested transferee forums could be described as the focal point for this litigation, on balance we are persuaded that the District of Minnesota is the most appropriate forum in which to locate Section 1407 proceedings. We note that: 1) Minnesota is a geographically central location for the three constituent actions presently pending in three diffferent regions of the United States; 2) the Minnesota action is the only action in which all five entities involved in the litigation were named as parties in the original complaint; and 3) many of Lee Data's witnesses and documents will be found in Minnesota.

    IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the District of Minnesota be, and the same hereby are, transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Paul A. Magnuson for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

Robert H. Schnacke
Acting Chairman

---

* Judges Andrew A. Caffrey and S. Hugh Dillin recused themselves and took no part in the decision of this matter.

SCHEDULE A

MDL-781 -- In re AT&T Equipment Lease Contract Litigation

Southern District of California

First Alliance Corporation v. American Telephone & Telegraph Company, et al., C.A. No. 88-0662-G(BTM)

District of Minnesota

Lee Data Corporation v. American Telephone & Telegraph Company, et al., C.A. No. 3-88-Civ-384

Eastern District of Pennsylvania

American Telephone & Telegraph Company v. First Alliance Corporation, et al., C.A. No. 88-4339